## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA CHAVEZ** : | |
| **11936 Downey Avenue** : | |
| **Downey, California 90242** : | |
| : | **Case No.** |
| **and** : | |
| : | |
| **GISELLE CHAVEZ** : | **Judge** |
| **11936 Downey Avenue** : | |
| **Downey, California 90242** : | |
| : | |
| **and** : | **JURY DEMAND** |
| : | **ENDORSED HEREIN** |
| **SANTOS CHAVEZ** : | |
| **11936 Downey Avenue** : | |
| **Downey, California 90242,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **CCT Auto-Trans Inc.** : | |
| **1960 Baseline Road West** : | |
| **Courtice, Ontario L1E0X7** : | |
| : | |
| **and** : | |
| : | |
| **Shawn Rodney Roberts** : | |
| **3075 Fairlane Cress** : | |
| **Windsor, Ontario N8W4Y5,** : | |
| : | |
| **Defendants.** : | |

## **COMPLAINT**

1. Cynthia Chavez, Giselle Chavez, and Santos Chavez for their Complaint against CCT Auto-Trans Inc. ("CCT") and Shawn Rodney Roberts ("Roberts") states:

## **THE PARTIES**

2. Plaintiffs reside in Downey, California.

3. Defendant CCT is a corporation incorporated in Canada with a principal place of business in Ontario, Canada. CCT is a registered motor common carrier (DOT # 825962, MC # 00367066) for the transportation of goods in interstate commerce within the United States. Defendant CCT owned the truck driven by Defendant Roberts and/or employed him at the time of the crash.

4. Defendant Roberts resides in Ontario, Canada. Roberts drove the tractor trailer that caused the crash.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because Defendants have availed themselves of the laws Ohio and have taken advantage of the benefits of Ohio.

7. Venue is proper in this Court because the events giving rise to this action occurred in Portage County, Ohio. 28 U.S.C. § 1391(b)(2).

## FACTS

8. On February 13, 2023, Cynthia Chavez was visiting her daughter, Giselle Chavez at Hiram College, where Giselle played collegiate softball.

9. Around 12:30 p.m., Cynthia (driver) and Giselle (passenger) were traveling eastbound on SR-82.

10. Defendant Roberts, driving a tractor-trailer in the course and scope of his employment with CCT, was also driving SR-82, ahead of Cynthia and Giselle.



11. Defendant Roberts suddenly stopped on the road, realizing he had missed his right turn onto SR-700.

12. Because Roberts had stopped, Cynthia also stopped.

13. Roberts then proceeded to begin backing up his vehicle.

14. Meanwhile, Cythnia began blaring on her horn, trying to get Roberts to stop.

15. A driver heading westbound on SR-82 also began blaring on his horn and waving at Roberts, trying to get Roberts to stop.

16. Roberts did not stop.

17. Roberts struck Cynthia and Giselle's vehicle, and their vehicle got hooked to the back of Roberts' trailer.

18. Roberts' tractor-trailer then violently pushed Cynthia and Giselle's vehicle back about ten feet before Roberts finally stopped.

19. Here is a depiction of the crash between Roberts (Unit 1) and Cynthia and Giselle Chavez (Unit 2):



20. Roberts negligently and/or recklessly backed up his tractor-trailer on a freeway. Roberts further negligently and/or recklessly backed up his tractor-trailer without exercising vigilance.

21. Hiram Police Department cited Roberts for a violation of Ohio Revised Code 4511.38. Roberts later paid a fine for his negligent/reckless driving.

22. As a direct and proximate result of Roberts' negligent and/or reckless driving, Plaintiffs suffered catastrophic and permanent injuries, including but not limited to, a severe and debilitating spinal injury.

## COUNT ONE
### (Negligence/Recklessness – Roberts)

23. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully rewritten herein.

24. Defendant Roberts had a common law and statutory duty to safely and lawfully operate the commercial tractor-trailer at the time of the crash. This duty included keeping a proper lookout, paying attention, and operating his commercial vehicle at a reasonable and

4

prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

25. As a professional truck driver, Defendant Roberts also had a duty to operate his commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

26. Defendant Roberts breached his duties by unlawfully and unsafely backing up on a freeway, failing to keep a lookout for vehicles, failing to perform a proper visual search and failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry.  Roberts' driving exhibited indifference to the serious consequences of his actions and disregarded a substantial and unjustifiable risk that his conduct was likely to cause serious injury to nearby motorists.

27. As a direct and proximate result of Defendant's reckless conduct, Cynthia and Giselle Chavez have suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, reasonable and necessary medical expenses, medical treatment, stress, and anxiety.  Plaintiffs' injuries and losses are both severe and continuing, as Plaintiff's injuries and losses will continue into the future.

### COUNT TWO
**(Negligence *Per Se* – Roberts)**

28. Plaintiffs repeat and reallege the foregoing paragraphs as if fully rewritten hereunder.

29. Defendant Roberts had a duty to operate his vehicle safely and to avoid violating state laws regulating the proper operation of motor vehicles on public streets, which includes, but

5

is not limited to Ohio Revised Code 4511.38.  This statute prohibits a person from backing a motor vehicle on a freeway. This statute also requires that a person exercise vigilance not to injure a person when backing a vehicle.

30. Defendant Roberts violated all the foregoing duties by violating the statute, as well as his duties to drive safely and reasonably, pay attention to the road, avoid engaging in an active course of conduct that resulted in severe harm to Plaintiffs.

31. Defendant Roberts' conduct constitutes negligence *per se*.

32. Defendant Roberts' actions constitute a conscious, reckless and/or wanton disregard for the rights and safety of Plaintiffs.

33. As a direct and proximate result of Defendant's reckless conduct, Cynthia and Giselle Chavez have suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, reasonable and necessary medical expenses, medical treatment, stress, and anxiety.  Plaintiffs' injuries and losses are both severe and continuing, as Plaintiff's injuries and losses will continue into the future.

## COUNT THREE
**(Respondeat Superior – CCT)**

34. Plaintiffs repeat and reallege the foregoing paragraphs as if fully rewritten hereunder.

35. Defendant Roberts was an employee, agent, leased driver and/or servant of CCT and was acting within the course and scope of his employment with CCT at the time of the crash. Under the common law principals of *respondeat superior*, as well as agency principals, CCT is vicariously liable for Roberts' conduct.

36. As a direct and proximate result of Defendants CCT and Defendant Roberts' negligence *per se*, negligence, and/or reckless conduct, Cynthia and Giselle Chavez have

suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, reasonable and necessary medical expenses, medical treatment, stress, and anxiety. Plaintiffs' injuries and losses are both severe and continuing, as Plaintiff's injuries and losses will continue into the future.

## COUNT FOUR
### (LOSS OF CONSORTIUM)

37. Plaintiffs repeat and reallege the foregoing paragraphs as if fully rewritten hereunder.

38. Santos Chavez is, and was at all relevant times, Cynthia Chavez's spouse. The actions of Defendants and the resulting injuries to Cynthia Chavez have caused Santos Chavez damage.

39. As a direct and proximate result of Defendants' conduct, Santos Chavez has suffered a loss of spousal consortium.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered in their favor on all counts and request the following relief:

A. Compensatory and punitive damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action; and

C. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Abigail F. Chin
Sean R. Alto               (0087713)
Abigail F. Chin           (0097928)
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)
seana@cooperelliott.com
abbyc@cooperelliott.com

Attorneys for Plaintiffs
Cynthia, Giselle and Santos Chavez


**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues triable under law.


/s/ Abigail F. Chin